

Suzanne Cotner Mandross, Toledo, Ohio, for petitioning creditors.

Gloria S. Godfrey, Toledo, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Involuntary Petition filed by certain creditors of the alleged Debtor and upon the Motion to Dismiss the Petition filed by the alleged Debtor. The Court conducted a Hearing in this case, at which the parties agreed to submit written arguments on the issue of whether or not the petitioning creditors have standing to file the Petition against this corporation. Pursuant to that agreement, the parties have filed such arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that

**In re LITTLE BUILDINGS, INC., Debtor.**

**Bankruptcy No. 84–01081.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 31, 1985.

as to the issue addressed in this decision, the creditors have standing.

## FACTS

The issue which the parties have agreed may be decided by this Court appears to be solely an issue of law. Although most of the facts in this case appear to be under dispute, the parties are, by virtue of statements made in their arguments, in agreement as to sufficient facts so as to give rise to this issue. Those facts reflect that at some time prior to the filing of this Petition, the petitioning creditors were officers, directors, employees, or shareholders of the alleged Debtor. The exact nature of their relationship with the alleged Debtor is not yet clear. During their tenure with the corporation, one of the creditors loaned to the corporation a sum of money. The precise amount of the loan is also unclear. The terms of that transaction were never reduced to writing. However, it appears as though the parties agreed that the loan would be repaid "whenever the corporation became profitable." In addition to this obligation, the other petitioning creditors claim that they are owed certain amounts either as a result of the loan or for services rendered to the alleged Debtor.

At some time later, the petitioning creditors' relationship with the corporation was terminated. Inasmuch as their claims against the corporation have remained unsatisfied since that time, the creditors filed this petition against the corporation under 11 U.S.C. § 303. The corporation has denied the allegations made in that petition and has asked this Court to dismiss this action. The Court has not yet conducted an evidentiary hearing on whether or not the creditors are entitled to relief, inasmuch as the alleged Debtor has presented a threshhold question regarding the creditor's eligibility to file an involuntary petition against this corporation. Specifically, the corporation contends that the language of the Bankruptcy Code's involuntary provision precludes insiders with claims against an alleged debtor from filing such a petition. The creditors have summarily opposed that position, arguing that the language of the Bankruptcy Code does not exclude them from eligibility.

## LAW

The provisions of 11 U.S.C. § 303(b) state in pertinent part:

"(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims;"

The phrase "such holders", as used in § 303(b)(2), refers to the holders of the types of claims set forth in 11 U.S.C. 303(b)(1). That provision states in pertinent part:

"(1) ... each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute ..."

Under these provisions, a single unsecured creditor may file an involuntary petition against an alleged debtor if his claim is not subject to a bona fide dispute and is for at least $5,000.00, and if the alleged debtor has fewer than twelve creditors. Although the number of the alleged debtor's creditors may or may not be disputed in this case, it is important to note that § 303(b) provides that in calculating the number of an alleged debtor's creditors, the claims of insiders and the claims of transferees whose transfers are subject to avoidance are not included. If, after deducting the claims of insiders and avoidance transferees, an alleged debtor has fewer than twelve creditors, a single creditor is eligible to file an involuntary petition, irrespective of whether or not that creditor is, or at one time was, an insider. 2 *Collier on Bankruptcy* 15th ed. § 303.08[12]. Although the corporation in this case has argued that the language of the involuntary provisions should be interpreted to mean that insiders

must be excluded from the group of claimants eligible to file a petition, the language of the section states, with mathematic-like certainty, that the claims of insiders are excluded only from consideration in determining the number of an alleged debtor's creditors. Insiders are still eligible to initiate involuntary proceedings against the entity they are or were associated with. Therefore, the alleged Debtor's argument on this point is without merit.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not it was specifically referred to in this Opinion.

It is ORDERED that the petitioning creditors be, and are hereby, held to have standing to file the Petition in this case, despite any "insider" standing they have or may have had with the alleged Debtor.

It is FURTHER ORDERED that a Trial on the Involuntary Petition be, and is hereby, set for Friday, June 21, 1985, at 10:00 o'clock A.M., in Courtroom No. 2, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.